UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH ANTHONY MARTIN                                           CIVIL ACTION

VERSUS                                                          NO. 07-1616

SHERIFF JACK STRAIN ET AL.                                      SECTION "T" (2)

Before the Court is a Report and Recommendation by Magistrate Judge Joseph C. Wilkinson, Jr. (REC. DOC. 23). A Motion to Object to the Magistrate Judge's Recommendation was filed pro se by Plaintiff, Joseph Anthony Martin. (REC. DOC. 24). The Court, having considered the complaint, the record, and the applicable law, hereby approves the September 10, 2007 Report and Recommendation of United States Magistrate Judge Joseph C. Wilkinson, Jr. and adopts it as its opinion in this matter.

## ORDER & REASONS

**I.      BACKGROUND**

Plaintiff, Joseph Anthony Martin (Martin), is a prisoner currently incarcerated in St. Tammany Parish Jail in Covington, Louisiana. He filed a complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against St. Tammany Parish Sheriff Jack Strain, Greg Longion, and Marlin Peachy, alleging that he was unconstitutionally subjected to improper

administrative lockdown while incarcerated in the St. Tammany Parish Jail.  Plaintiff testified that Deputy Longion place him in solitary confinement on September 23, 2006, and Lt. Perkins released him on January 26, 2007.  Martin alleges that according to the jail handbook, he is entitled to a hearing before being placed in isolation, which he did not receive.  Further, he states that his conduct did not meet the criteria for being placed in isolation, which includes disciplinary reasons, posing a threat to himself or others, rule violation, and medical reasons.

While in isolation, Martin alleges that he suffered the following privilege deprivations: lack of communication with fellow inmates, restricted phone use, no television, no outside or other recreation and no commissary rights.  He also states that other people in isolation were given twenty-four hours out of insolation every ten days, but he was not. Plaintiff testifed that he was allowed one hour of the day outside his cell to use the phone or shower, but not necessarily at a convenient time.  Martin did not suffer any physical injuries while in isolation.  Plaintiff's sole complaint is that defendants violated his constitutional rights by placing him in isolation without giving him a reason or a hearing.

In response to plaintiff's complaint, defendants filed a motion for summary judgement based in part on the affirmative defense of qualified immunity, arguing that plaintiff's constitutional rights were not violated and his placement in lockdown was objectively reasonable for security purposes. Defendants further argued that Martin failed to exhaust his administrative remedies, as required by 42. U.S.C. § 1997e(a), prior to filing his lawsuit, and that he is barred by 42. U.S.C. § 1997e(e) from receiving compensatory damages because he has not suffered a physical injury.

United States Magistrate Judge Joseph C. Wilkinson, Jr. granted defendants' motion for

summary judgment and dismissed with prejudiced plaintiff's complaint on qualified immunity grounds. Because the defendants are protected under the doctrine of qualified immunity, it was unnecessary to address defendants' arguments that plaintiff failed to exhaust the Administrative Remedy Procedure and that he cannot pursue his claim for compensatory damages.

The plaintiff filed this Motion to Object to Magistrate Judge's Recommendation. In his motion to object, plaintiff states that the defendants are not entitled to immunity where there is a claim of a violation of a constitutional right.

## II.     LAW AND ANALYSIS

Qualified immunity shields government officials performing discretionary functions from individual liability, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.[1] To determine whether official are entitled to the defense, it must be determined if (1) "the plaintiff has alleged a violation of a clearly established constitutional right; and" (2) "the defendants' conduct was objectively unreasonable" under existing clearly established law.[2]

This Circuit has continued to hold that "an inmate has no protectable liberty interest in his classification."[3] Prisons officials should be afforded a wide deference in the application of polices designed to maintain security and order.[4] Further, the conditions of plaintiff's lockdown do not violate any constitutional rights. It did not create any "atypical and significant hardships

---

[1] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532. (5th Cir. 1997).

[2] *Jacobs v. west Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000).

[3] *Wilkerson v Stalder,* 329 F.3d 431, 435-6 (5th Cir. 2003).

[4] *Id.* at 436.

on the inmate in relation to the ordinary incidents of prison life."[5]

Based upon this two-step process, Magistrate Judge Wilkinson recommended that defendants' motion for summary judgment should be granted, stating that "it is clear that defendants acted in their discretionary functions with good faith motives of maintaining jailhouse security and plaintiff's own safety."

The Court adopts Magistrate Judge Wilkinson's Report and Recommendation as its opinion in this matter. Plaintiff has not stated any new claims against defendants that were not addressed in the Magistrate's Report and Recommendation.

Accordingly,

**IT IS ORDERED** that the petition of Joseph Anthony Martin for issuance of a writ of habeas corpus upon 28 U.S.C. §2254, is hereby **DENIED WITH PREJUDICE.**

New Orleans, Louisiana this 7th day of November, 2007.

_____
**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[5] *Sardin v Conner,* 515 U.S. 472, 472 (1995).